SHIRLEY S. ABRAHAMSON, C.J.
¶ 27. {concurring). I join the majority opinion authored by Justice Crooks and the concurrence authored by Justice Bradley. I write separately to address the characterization of a circuit court's exercise of equitable powers in Justice Ziegler's concurrence as "based solely on the subjective determination of each judge who reviews such a question" and "an arbitrary determination of any one judge on any given day." Justice Ziegler's concurrence, ¶ 41.
*265 ¶ 28. If a circuit court exercises its discretionary equitable powers in a subjective, arbitrary fashion instead of setting forth logical, rational reasoning based on the facts of record and a correct statement of the law, the circuit court has erred and its ruling will be reversed on appeal.
¶ 29. The comment in Justice Ziegler's concurrence equating discretion with judicial subjectivity and arbitrariness does a disservice to judicial decision making and to the circuit courts of the state. The comment cannot stand unchallenged.